## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARY L. J.,                                  )
                                             )
                    Plaintiff,               )
                                             )
vs.                                          )          Case No. 19-CV-650-JFJ
                                             )
ANDREW M. SAUL,                              )
Commissioner of Social Security,            )
                                             )
                    Defendant.               )

### OPINION AND ORDER

Plaintiff Mary L. J. seeks judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying her claims for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3).  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.  For reasons explained below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits.  Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## I.    General Legal Standards and Standard of Review

"Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  A medically determinable impairment must be established

by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functioning capacity ("RFC"), whether the impairment prevents the claimant from continuing her past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). If a claimant satisfies her burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national economy. *Williams*, 844 F.2d at 751. "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.    Procedural History and the ALJ's Decision

Plaintiff, then a 57-year-old female, applied for Title II disability insurance benefits on February 15, 2017, alleging a disability onset date of June 30, 2016. R. 15, 153-154. Plaintiff claimed she was unable to work due to conditions including arthritis and osteoporosis. R. 165. Plaintiff's claim for benefits was denied initially on August 2, 2017, and on reconsideration on November 3, 2017. R. 51-76. Plaintiff then requested a hearing before an ALJ, and the ALJ conducted the hearing on January 7, 2019. R. 37-50. The ALJ issued a decision on January 25, 2019, denying benefits and finding Plaintiff not disabled because she could perform past relevant work. R. 15-23. The Appeals Council denied review, and Plaintiff appealed. R. 1-3; ECF No. 2.

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through the date of decision. R. 17. At step one, the ALJ found that Plaintiff had not engaged in

substantial gainful activity since the alleged onset date of June 30, 2016. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: cervical degenerative disk disease; and inflammatory osteoarthritis. *Id.* He found Plaintiff's medically determinable mental impairment of depression to be nonsevere. R. 17-18. In assessing Plaintiff's mental impairments under the "paragraph B" criteria, the ALJ found that Plaintiff had mild limitations in all four areas of (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. R. 18-19. At step three, the ALJ found that Plaintiff had no impairment or combination of impairments that was of such severity to result in listing-level impairments. R. 19-20.

After evaluating the objective and opinion evidence and Plaintiff's statements, the ALJ concluded that Plaintiff had the RFC to perform a range of medium work as follows:

> [T]he claimant has the [RFC] to occasionally [sic] lift and/or carry 25 pounds frequently and 50 pounds occasionally; stand and/or walk at least 6 hours in an 8-hour workday; and sit for at least 6 hours in an 8-hour workday (Medium work is defined in 20 CFR 404.1567(c)) except she should avoid concentrated exposure to such things as dust or fumes (work in an environment as clean as an ordinary Walmart).

R. 20. Based on the testimony of a vocational expert ("VE"), the ALJ found at step four that Plaintiff was capable of performing past relevant work as a janitor, both as she performed it and as normally performed in the national economy. R. 23. The ALJ determined the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). *Id.* Accordingly, the ALJ concluded Plaintiff was not disabled.

## III.    Issues

Plaintiff raises two points of error in her challenge to the denial of benefits: (1) the Appeals Council committed reversible legal error by failing to admit and consider the report of Plaintiff's

January 3, 2019, Functional Capacity Evaluation ("FCE"); and (2) the ALJ's RFC was legally flawed and not supported by substantial evidence.  ECF No. 12.

For the reasons explained below, the Court reverses the decision based on issues raised in the first allegation of error.  Specifically, the Appeals Council erred in refusing to consider or admit the FCE, which Plaintiff submitted as part of her request for review of the ALJ's decision.  This error requires remand.  The Court does not reach the second point of error.

## IV.    Analysis - Appeals Council Erroneously Rejected Plaintiff's Additional Evidence

Plaintiff argues that the Appeals Council erred by declining to accept the additional evidence she submitted as part of her request for review.  In denying review of Plaintiff's case, the Appeals Council noted that Plaintiff had submitted additional evidence consisting of the FCE from Melanie A. Trook, OTR/L, CHT, dated January 3, 2019 (shortly before the ALJ's January 25, 2019, decision).  R. 2.  The FCE, which Plaintiff underwent after referral from her physician Manuel Calvin, M.D., consists of functional musculoskeletal, manual dexterity, mobility, walking, balance, and dynamic strength evaluations.  R. 30-36.  Most significantly, Plaintiff's evaluating therapist concluded that Plaintiff would be unable to return to work in the medium strength exertional demand category at that time, based on her dynamic strength tests showing she could lift and carry only ten pounds.  R. 34-36.

The Appeals Council rejected this additional evidence, because it did not show a "reasonable probability that it would change the outcome of the decision."  R. 2.  Plaintiff contends that the Appeals Council's rejection of the FCE was erroneous, because the evidence met the criteria for admission and could have changed the outcome of the case with reasonable probability.

The Appeals Council is bound to consider evidence submitted as part of a request for review if the additional evidence is "new, material, and relates to the period on or before the date

of the [ALJ's] hearing decision"; if there is a "reasonable probability that the additional evidence would change the outcome of the decision"; and if the claimant shows "good cause" for not submitting the evidence at an earlier date.  20 C.F.R. §§ 404.970(a)(5)-(b).  Evidence is new "if it is not duplicative or cumulative," and it is material "if there is a reasonable possibility that it would have changed the outcome." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (quotations and alterations omitted).  Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to *de novo* review.  *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011).  If the Appeals Council erroneously rejects qualifying evidence, "the case should be remanded for further proceedings." *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).[1]

Plaintiff contends that the additional evidence is new, material, and relates to the period prior to the ALJ's decision, and further contends that good cause existed for not submitting the evidence at an earlier date.  The Court accepts Plaintiff's arguments and finds that the Appeals Council erred in rejecting the FCE.  First, the FCE is not duplicative or cumulative, because it provided new functional assessments of Plaintiff's physical capabilities as of January 2019.  Second, the FCE relates to the period prior to the ALJ's decision, because it was administered on

---

[1] The Commissioner articulates an erroneous standard of review, relying on *Vallejo v. Berryhill*, 849 F.3d 951 (10th Cir. 2017).  ECF No. 14 at 10-12.  The Commissioner asserts that, where evidence is submitted only to the Appeals Council, which denies review, "'the district court's only option [is] to conduct a substantial-evidence review by assessing the entire agency record.'"  ECF No. 14 at 10 (quoting *Vallejo*, 849 F.3d at 956).  In *Vallejo*, the Tenth Circuit addressed the Appeals Council's obligations when it "considers" additional evidence from the claimant but denies review. 849 F.3d at 955-56.  In that situation, the district court must conduct a "substantial-evidence" review, considering the new evidence as part of the record, to evaluate the ALJ's conclusions.  *Id.* In this case, however, the Appeals Council clearly rejected the additional evidence, as indicated by the statement that it "did not exhibit this evidence."  R. 2.  Because the Appeals Council did not consider the additional evidence, the Court may not now consider it under the deferential substantial-evidence standard.  *Chambers*, 389 F.3d at 1142-43.  *See Bleau v. Saul*, Civ. No. 19-300 KK, 2020 WL 1049252, at *6-7 (D.N.M. Mar. 4, 2020) (rejecting application of substantial-evidence review and finding *Vallejo* distinguishable, where Appeals Council stated that claimant's additional evidence did not satisfy the "reasonable probability" standard and declined to exhibit it).

January 3, 2019, four days before the administrative hearing and just over two weeks before the ALJ's January 25, 2019, decision.  The FCE also pertains to conditions that the ALJ considered in the decision, including back pain, osteoarthritis, and chronic obstructive pulmonary disease ("COPD").  *See* R. 30.

Third, there is a reasonable probability that the FCE would have changed the outcome of the decision.  Most glaringly, the ALJ assessed Plaintiff with an RFC for medium exertion work, which requires the ability to lift/carry up to 25 pounds frequently and 50 pounds occasionally.  R. 20.  However, the FCE evaluator found Plaintiff could lift and carry no more than ten pounds in certain positions, with ability to lift/carry only up to five pounds in all positions.  R. 34-35.  If the FCE findings were considered, the ALJ's RFC would very likely change to a lower exertion level and could possibly render her disabled given her age.

The Commissioner argues that the FCE would not undermine the substantial evidence underlying the ALJ's decision, pointing to favorable musculoskeletal functioning, favorable lumbar spine and bilateral hip imaging, and the reconsideration agency reviewer's October 2017 assessment that Plaintiff could perform medium work.  *See, e.g.*, R. 292-297 (June 2017 physical consultative examiner findings), R. 318-319 (October 2017 x-rays showing early degenerative changes in lumbar spine and only slight abnormalities in bilateral hips); R. 69-72 (reconsideration reviewer David Bailey, M.D.'s opinion that Plaintiff could perform medium work in October 2017).  The Commissioner further contends that the FCE findings were based largely on Plaintiff's self-reports and medical history, and that some of the physical observations were within normal limits.  *See* ECF No. 14 at 10-11.

The Court rejects the Commissioner's arguments.  The FCE took place in January 2019, more than a year after Dr. Bailey's assessment, the physical consultative exam, and the cited x-

rays.  The FCE could show a worsening in Plaintiff's condition in the intervening period between October 2017 and January 2019 that was not considered as part of the ALJ's decision.  Further, the Commissioner largely ignores the unfavorable findings from the FCE, such as the extreme lifting restriction, which are not documented or considered elsewhere in the ALJ's decision.  The FCE was not based solely on Plaintiff's reports of limitations and pain but also on objective testing that would probably change the outcome of the ALJ's decision if considered.

Finally, the Court finds Plaintiff had "good cause" for not submitting the FCE earlier.  The Appeals Council did not discuss whether Plaintiff demonstrated good cause for missing the deadline to submit evidence to the ALJ.  The regulations provide reasons for when "good cause" is available to a claimant, including an "unusual, unexpected, or unavoidable circumstance beyond your control [that] prevented you from informing [the Appeals Council] about or submitting the evidence earlier."  20 C.F.R. § 404.970(b)(3).  Examples of such circumstance include when the claimant "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing."  20 C.F.R. § 404.970(b)(3)(iv).

Here, Plaintiff underwent the FCE, which was ordered by her physician Dr. Calvin, on January 3, 2019.  Plaintiff represents that the report of the examination was not available until January 31, 2019, shortly after the ALJ's hearing level decision.  Plaintiff then submitted the new evidence to the Appeals Council on February 7, 2019.  *See* R. 151.  The Court finds that Plaintiff was unable to submit this evidence to the ALJ before the hearing decision, and she acted diligently to obtain the FCE and submit it to the Appeals Council as soon as possible.  The FCE was performed only four days before the hearing.  While the Commissioner points out that Plaintiff's counsel failed to mention the FCE at the hearing and represented that the record was complete (R.

39), such a representation does not necessarily render the evidence inadmissible under these circumstances.

The Appeals Council erroneously rejected the additional evidence of the FCE.  Because the undersigned finds the additional evidence should have qualified for consideration, remand of the ALJ's decision is required.  *See Chambers*, 389 F.3d at 1142.

## V.    Conclusion

For the reasons explained above, the ALJ's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for consideration of the FCE along with the other evidence.

**SO ORDERED** this 26th day of March, 2021.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**